IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE WALLACE, | : | 1:11-cv-1503 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| LT. MILLER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# **MEMORANDUM**

## **April 2, 2012**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 44), filed on March 6, 2012, which recommends that Defendants' Motion to Dismiss and for Summary Judgment (Doc. 27) be granted and that this case be closed.  Plaintiff has not filed objections to the R&R and the time to do so has lapsed.[1]  For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were due by March 23, 2012.

1

## I.   STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

On August 15, 2011, perpetual[2] *pro se* Plaintiff Tyrone Wallace, an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg") filed another *Bivens*[3] action with this Court. In his complaint, Plaintiff names three Defendants, Lieutenant Miller; S. Cross, correctional officer and prison vehicle driver; and John Doe, escort team correctional officer.[4] All Defendants were employed at USP-Lewisburg during the relevant times of this case.

Plaintiff's claims arise out of an escorted transport of him to Geisinger Hospital on May 4, 2011 for scheduled surgery on his broken finger. Plaintiff claims that while the Defendants were escorting him, the John Doe Defendant deliberately made Plaintiff's handcuffs too tight and caused him pain in an effort to conspire and retaliate against him. He also alleges that Defendant Cross negligently drove too fast for the wet conditions, endangering his safety. He further alleges that Defendant Cross threatened him to sign the hospital forms or that the operation for his finger would be cancelled. Wallace also avers that Defendant Cross told the

---

[2] Plaintiff has previously filed several *Bivens* actions with this court, namely M.D. Pa. Civil Nos. 09-1858 (judgment entered in favor of defendants), 09-2156 (transferred to the Northern District of Illinois), 09-2210 (closed for failure to prosecute), 10-225 (dismissed as frivolous) and 12-244 (still pending).

[3] *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

[4] Plaintiff was granted leave to conduct discovery to determine the identity of the John Doe Defendant.

nurse to lie and say that Plaintiff threatened her, and that Defendant Miller directed the nurse to cancel his finger surgery.  Plaintiff claims that the Doe Defendant used excessive force on him when Defendant Miller ordered the Doe Defendant to take off Wallace's hospital gown and put Plaintiff's prison-issued clothes back on him.  Plaintiff claims that he was returned to USP-Lewisburg without necessary treatment for his finger.  Plaintiff also claims that after he was taken back to the prison, Defendant Miller filed a false incident report charging him with refusing medical treatment for his finger at the hospital, despite the fact that Miller knew Wallace was going to sign the second hospital form authorizing treatment on his finger.  For relief, Plaintiff seeks monetary damages, both compensatory and punitive, as well as injunctive and declaratory relief.  Plaintiff states that he has sued the Defendants in their individual and official capacities.

## III.  DISCUSSION

As noted above, Magistrate Judge Blewitt recommends that the Defendants' Motion be granted.  In particular, Magistrate Judge Blewitt concludes that the undisputed record facts establish that Plaintiff has failed to exhaust his administrative remedies with respect to his Eighth Amendment claims and that Plaintiff's claims against the Defendants in their official capacities be dismissed

with prejudice.  We agree with the Magistrate Judge's recommendations, but for the sake of completeness, we shall discuss each recommendation in turn herein.

Taking the latter recommendation first, we wholly agree with the Magistrate Judge's recommendation that the official capacity claims against the Defendants be dismissed.  It is well settled that federal officials can only be sued for monetary damages in their personal or individual capacities.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  Next, we note that we also agree with the Magistrate Judge that the undisputed evidence of record shows that Plaintiff did not properly exhaust his administrative remedies[5] with respect to any of the instant claims.  Like Magistrate Judge Blewitt, we reject Plaintiff's contention that his hands were too swollen to file his administrative remedy regarding the May 4, 2011 incident by the deadline because undisputed evidence shows that Plaintiff submitted other, unrelated administrative grievances with the BOP during that exact same time frame.  Accordingly, we agree that Plaintiff failed to properly exhaust his administrative

---

[5] The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

remedies with respect to his present constitutional claims and as such, we shall grant summary judgment in favor of the Defendants on these claims.[6]

As we have already mentioned, the Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order shall issue.

---

[6] Inasmuch as we are granting summary judgment in favor of Defendants on Plaintiff's constitutional claims due to Plaintiff's failure to exhaust his administrative remedies, we need not address the Magistrate Judge's analysis regarding the lack of personal involvement of Defendant Miller, but note that we do not find it erroneous in any way.